```
SCRN: CVPSSQV3          DEPT OF ENVIRONMENTAL PROTECTION        DATE:  1/09/12
TERM: 3556                VIOLATION INQUIRY (HISTORY)           TIME: 13:51:36
                                        STATUS: NEW ISSUANCE
VIOLATION: 0178673963  ROLL: 07548  IMAGE: 15072 DISP:
                                        DUE: PENALTY
RESP LAST NAM: BELPOSSO                 FIRST NAM: PHILIP R
        HOUSE:  4009        BORO:
        STREET: KUIKEN TERR                     APT. NO:
        CITY:   FAIR LAWN          STATE: NJ ZIP: 07410
VIOLATION ADDR: HOUSE:              BORO: 1 MANHATTAN
        STREET: BATTERY PARK/THE SPHERE        RTC:
VIO CODE: A28   SECTION: 56 RCNY 1-05(B)        ALJ ID:
INF DESC: UNAUTHORIZED VENDING
ISSUE AGENCY: 846 PARKS DEPARTMENT              RPT LVL:  0001
SERVICE:  P      PROPERTY REMOVED:
ISSUING OFFICER: D FLAHERTY        OFFICER ID: 160954
VIOLATION INPUT DATE: 12/28/11     MULTI OFFENSE: 000
VIOLATION DATE/TIME : 12/12/11 1319    TAX LIEN:
HEARING DATE/TIME:    02/07/12 0830    INQUIRY (DOCKET:
SCHEDULED LOCATION:   9 MANHATTAN       IMPOSED AMOUNT :  250.00+
FACE AMOUNT:      250.00+              NET ALL ADJUSTS:    0.00+
LATE ADMIT :      280.00+              PAID TO DATE   :    0.00+
MAX AMOUNT :      1000.00+            BALANCE DUE    :  250.00+
CMD: _____    MSG:                                           V
```

27  Ex L

# ENVIRONMENTAL CONTROL BOARD • NOTICE OF VIOLATION AND HEARING • FOR CIVIL PENALTIES ONLY

## City of New York, Petitioner vs Respondent:

| LAST NAME (Print) | FIRST NAME | INITIAL | Sex |
|---|---|---|---|
| Belasso | Phillip | | M |

STREET ADDRESS: 4609 Kurten Terr

| CITY | STATE | ZIP |
|---|---|---|
| Fair Lawn | NJ | 07410 |

6 4 2 6 2 6 7 9 9 7 6

| TYPE OF LICENSE / PERMIT OR IDENTIFICATION NUMBER | CERT. OF AGE | ISSUED BY |
|---|---|---|

NOTICE ALSO SENT TO

| LAST NAME | FIRST NAME | INITIAL |
|---|---|---|
| Doe | | 4/5/1997 |

STREET ADDRESS: Class D DL

| CITY | STATE | ZIP |
|---|---|---|
| Exp 5/31/20 | | |

### The Respondent is charged with violation of Law/Rule.

| Date of Offense | AM | Time | PM | Borough | CB NO | Violation Code |
|---|---|---|---|---|---|---|
| 12/02/11 | | 11 | M | Man (Bklyn) 0 9 | | A 2 6 |

NYC ADMINISTRATIVE CODE/RULES OF THE CITY OF NEW YORK          OTHER CODES

SECTION/RULE: 56 RCNY 1-05(c)  Unauthorized Vending

Place of Occurrence: Battery Park / The Sphere

DETAILS OF VIOLATION: ...

ALTERNATIVE SERVICE

Mail-In Penalty Schedule: $25  $50  $100  $250

Maximum Penalty For Violation: $1,000

Date of Hearing: 31  Day of January  20 12

No. E 178 673 963

179 673 963



# THE CITY OF NEW YORK
## ENVIRONMENTAL CONTROL BOARD



115938981353951F1AD

HEARING LOCATION:
Environmental Control Board
66 John Street
10th Floor
New York, NY 10038
(212) 361-1400

Method of Appearance
Live Hearing

**DECISION AND ORDER**
Violation #:  0178673963 (1 NOV)
Hearing Date:  January 30, 2012

To:   PHILIP R BELPASSO
      4009 KUIKEN TERR
      FAIR LAWN, NJ 07410

City of New York v. PHILIP R BELPASSO

### Total Civil Penalty: $0.00

I Notice(s) of Violation (NOV(s)) was/were issued to the Respondent. On the record before me, and upon the Further Findings of Fact/Conclusions of Law stated below, I find as follows and, where applicable, order payment and compliance.

NOV: 0178673963
PLACE OF OCCURRENCE: BATTERY PARK/THE SPHERE MANHATTAN
DATE OF OCCURRENCE: 12/12/2011
ISSUING OFFICER/AGENCY: D FLAHERTY 160954  PARKS DEPARTMENT
  ECB CODE: AA28
  CHARGE: 56 RCNY 1-05(B) UNAUTHORIZED VENDING
  DISPOSITION: DISMISSED                    CIVIL PENALTY IMPOSED:              $0.00

FURTHER FINDINGS OF FACT/CONCLUSIONS OF LAW:
NOV: 0178673963    CHARGE: 56 RCNY 1-05(B) UNAUTHORIZED VENDING

Respondent, Philip Belpasso, appeared and denied that at the date, time and place set forth in the NOV he was in violation of 56 RCNY 1-05(c)(1) of the Park Rules of NYC in that the Issuing Officer observed Respondent "an expressive matter vendor, playing a musical instrument –flute solicit and accept donations in an unauthorized area and not in designated spot as defined in PRR 1-05(b)(3)(1). Respondent accepted multiple donations in this spot for a period of 5 minutes". Respondent testified that he is not a Vendor of "expressive matter" nor any matter whatsoever. He said he plays the flute as a tribute to the beauty of our country and introduced in evidence a story that appeared in the Newsday about his playing of patriotic tunes. Respondent testified that he does not solicit any "donations" but from time to time people want to show their appreciation of his performing and voluntarily leave him some money, which he is glad to accept. He also requested that Judicial Notice be taken of the fact that he received 2 NOVs alleging the same violation issued at the dame, date, place and time so that this NOV was duplicative. He was found in violation by Decision and Order dated 1/26/12 which he offered in evidence. Respondent asked to have the Affidavit of Service reviewed and then Moved to Dismiss the NOV on the grounds of Improper Service in that it was not notarized as well as being duplicative of a Prior Finding of Violation by Judge William Morley.

I have considered the testimony of Respondent which I find to be credible, along with the Newsday article, a Prior ECB Decision in evidence and have reviewed the NOV as well as the Affidavit of Service. I find that the Affidavit of Service is Defective in that it is not notarized. I find, further, that the NOV is Duplicative of a Prior Finding of Violation on the same alleged violation by Judge William Morley.

Accordingly, the NOV is Dismissed.

| TOTAL CIVIL PENALTY: | $0.00 |
| --- | --- |

Wed Feb 2012 02/01/12 09:30:11                    Controls:        FEB 0 2 2012        02/01/2012

Robert Straniere, Administrative Law Judge                                            Date

### PAYMENT DUE WITHIN TEN (10) DAYS
### READ BACK OF THIS ORDER – PROTECT YOUR RIGHTS

New York City Environmental Control Board                                  115938981353951F1AD

29    $\mathcal{E}\chi$    



**The City of New York**

**Environmental Control Board**
66 John Street
New York, NY 10038
Telephone: (212) 361-1400

Date Mailed: 7/26/12

Violation Nos. 178 673 945, 178 673 954
**City of New York** v. Philip R. Belpasso
**Location:** Battery Park/Slip 6 and The Sphere, Manhattan
**Date of Occurrence:** 12/12/11
**Agency:** Department of Parks and Recreation
**Appeal No.** 1200154  **Appellant:** Respondent

**To: Appellant**

Philip Belpasso
40-09 Kuiken Terrace
Fair Lawn, NJ 07410

## Appeal Decision and Order

1.  An appeal to the Board was filed on 2/13/12 from the following **recommended master decision and order** rendered on the above violations by ALJ #406.

| Mail date | Law charged | Recommendation | Penalty |
|---|---|---|---|
| 1/26/12 | 56 RCNY 1-05(b) | Violation | $250 |
| | 56 RCNY 1-03(c)(1) | Violation | $250 |

2.  After consideration of the entire record before it, the Board now renders the following **findings of fact and conclusions of law**, consisting of 3 pages, attached.

    The appeal is **granted** in part and

    Respondent is found **in violation** of Section 1-05(b) of Title 56 of the Rules of the City of New York (NOV no. 178 673 945) and **not in violation** of Section 1-03(c)(1) (NOV no. 178 673 954).

3.  The Board orders that the recommended master decision and order be:

    **reversed in part; violation dismissed as to NOV no. 178 673 954.**

    Total penalty already paid   $-0-  (pre-payment waived)

    Total penalty now imposed   $ 250

    **Amount due ECB  $250**

    Board decision date: July 26, 2012     *Suzanne Beddoe/*
    071912DS/898     Chair, Environmental Control Board

**cc:**  NYC Parks Department
Counsel's Office
The Arsenal, Central Park
New York, NY 10009

**(See back of this order for payment instruction if penalty has not been paid.)**

30

Ex M

Respondent, a flute player, appeals from a master recommended decision and order finding him in violation of one charge of Section 1-05(b) of Title 56 of the Rules of the City of New York (RCNY) for unauthorized vending and one charge of 56 RCNY 1-03(c)(1) for failure to comply with an officer's direction.

The notices of violation (NOVs) are dated December 12, 2011. The first NOV charges that Respondent was playing a flute and soliciting and accepting donations with an open and stationary case on the ground at Battery Park/Slip 6 in an unauthorized area, not a designated spot as defined by 56 RCNY 1-05(b)(3)(ii). That NOV identifies Respondent as an "expressive matter" vendor (EMV). On the second NOV, the same issuing officer (IO) observed that Respondent, playing a flute and soliciting and accepting donations in an unauthorized area of Battery Park/The Sphere at 1:19 p.m., had not moved to an area designated for EMVs despite having been directed to do so at 11:55 a.m.

At the hearing, Respondent did not deny playing the flute at Battery Park but denied that he was vending. He sought dismissal of the first NOV, arguing that a flute player is not covered by the expressive matter provisions. In support, he submitted the RCNY definition of expressive matter. He also argued that the second NOV should be dismissed because the first was invalid.

The administrative law judge (ALJ) found that the first NOV was correctly written although the IO, after serving it, changed the reference, because the change was not material. The ALJ further found that playing a musical instrument is a type of activity included in the definition of expressive matter and that Respondent was playing a flute in an area not designated for expressive matter performances. He sustained the second NOV because Respondent offered no evidence that he complied by moving to a designated spot.

**The issues on appeal**

The issues on appeal as to the first NOV are whether: a) Respondent is an EMV; b) it is a defense if a flute player is not an EMV; and c) there was a material alteration of the NOV warranting its dismissal. The issue as to the second NOV is whether the IO's direction to Respondent to move was a lawful direction.

**The law**

56 RCNY 1-05(b) bars vending on Parks property without a permit.

56 RCNY 1-03(c)(1) states that "No person shall fail, neglect or refuse to comply with the lawful direction or command of any Police Officer, Urban Park Ranger, Parks Enforcement Patrol Officer or other Department employee, indicated by gesture or otherwise."

**The appeal**

On appeal, Respondent claims that the ALJ erred in finding that playing a musical instrument is "unlawful vending of expressive matter" and misquoted the RCNY definition of expressive matter. In addition, Respondent argues that the ALJ should have granted his motion to

31

dismiss the NOVs because the reference to subsection (iii) of 56 RCNY 1-05(b)(3), which pertains to Union Square Park, in the first NOV's "details of violation" section was altered, after it was served on Respondent, to subsection (ii), pertaining to Battery Park. Respondent also points out that Petitioner, the Department of Parks and Recreation (Parks), has not charged him with violating 56 RCNY 1-05(d), regarding noise from musical instruments, which section makes no mention of designated locations. As this claim states no error made by the ALJ, it is not properly before the Board. Nonetheless, the Board notes that it has no legal authority over the enforcement practices of Petitioner.

For the first time on appeal, Respondent argues that there is no IO's affidavit for either NOV and that the second NOV duplicates a third violation heard after the hearing on the two NOVs on appeal. The Board declines to consider these arguments not made at the hearing but notes that the NOVs, both personally served on Respondent according to the certificate of service, are valid, as there is no requirement that there be an IO affidavit. The Board further notes that the third NOV was dismissed, as shown in the decision and order (now final as it was not appealed) that Respondent now submits. Thus, there is no legal basis for finding that the second NOV is duplicative here.

Petitioner did not answer the appeal.

## The Board's determination

On these facts, the Board finds that Respondent is not an EMV. 56 RCNY 1-02 defines expressive matter as "materials or objects with expressive content, such as newspapers, books, or writings, or visual art such as paintings, prints, photography, or sculpture." As a flute player, Respondent was not vending any "materials or objects." The ALJ erred in interpreting the definition of "expressive matter" to the contrary.

The Board further finds that Respondent's assertion that he is not an EMV failed to establish a defense to the first NOV. That Respondent is not an EMV is not relevant to determining whether Respondent was vending without a permit as charged. Moreover, while he testified that he was not vending while playing his flute at Battery Park, he offered no other evidence to rebut the charge that he had an open and stationary case on the ground for donations. The Board notes in this regard that vending includes "provid[ing] or offer[ing] to provide services or items in exchange for a donation." See 56 RCNY 1-05(b)(1). In addition, it is not disputed that Respondent lacked a Parks permit.

The Board also finds that there was no material alteration warranting dismissal of the first NOV. Respondent is correct that the IO apparently altered the citation of the rule for designated areas in this NOV's details of violation after the IO served it on Respondent. Nonetheless, such change was not material to the charge here. As the Board finds that Respondent is not an EMV, the rules applicable to EMVs are not material to the charge. Thus, this NOV was correctly written, despite the alteration. The restrictions on vending set out in 56 RCNY Section 1-05(b), which the NOV charged, apply at both locations. As the NOV clearly identifies the place of occurrence as Battery Park, Respondent did not lack proper notice because of the change in the subsection referred to in the NOV's "details of violation" section. Because the change was not material, the alteration does not serve as a valid legal defense to the violation. Consequently, the Board finds that Respondent was vending without a permit in violation of 56 RCNY 1-05(b).

32                                                                              Ex - M.

Appeal No. 1200154          NYC v. Philip R. Belpasso                    p. 4 of 4

The appeal of the second NOV is granted. The Board notes that Respondent was vending in violation of 56 RCNY 1-05(b) at the time that the second NOV was issued. Nevertheless, the IO's direction that he move to an area designated for EMVs was not lawful. Respondent could not have legally vended in the EMV area which, because Respondent clearly was not vending expressive matter, the IO should have known. Therefore, on these facts, the Board finds that Respondent did not violate 56 RCNY 1-03(c)(1) by failing to obey that direction.

Accordingly, 1) as to the first NOV, the master recommended decision and order is affirmed, though on different grounds, and 2) as to the second NOV, the Board reverses the master recommended decision and order and dismisses the violation.